UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>IDAHO PIPELINE CORPORATION,<br><br>Defendant. | Case No. 1:24-cv-00260-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Plaintiff the United States of America's Application for Entry of Default and Default Judgment (Dkt. 4). The Clerk has now entered defendant's default, *see* Dkt. 5, but the Court is not persuaded that a Clerk's default judgment under Federal Rule of Civil Procedure 55(b)(1) is appropriate. As will be explained, the government needs to seek a default judgment from the Court (not the Clerk) under Federal Rule of Civil Procedure 55(b)(2). Accordingly, the Court will deny the motion for default judgment without prejudice.

## BACKGROUND

In May 2024, the government sued Defendant Idaho Pipeline Corporation, alleging that Idaho Pipeline had failed to pay an $86,031.77 debt owing to the

MEMORANDUM DECISION AND ORDER - 1

United States. The debt arose from Defendant's violation of federal pipeline safety laws. More specifically, in August 2019, the Secretary of Transportation imposed a $49,000 civil penalty on Idaho Pipeline for failing to maintain current records of its pipeline system. Thereafter, the government unsuccessfully attempted to collect from Idaho Pipeline by sending demand letters and by and by using private collection agencies. After those efforts failed, the government sued. In its complaint, the government alleged that as of July 27, 2023, Idaho Pipeline was indebted to it in the following amount:

| | |
|---|---|
| Principal: | $ 49,000.00 |
| Interest @1.00% | $ 1,918.74 |
| Penalty @6.00% | $ 12,253.58 |
| Administrative Costs: | $ 22,859.45 |
| **Total:** | **$ 86,031.77**[1] |

*Cmplt.,* Dkt. 1, ¶ 19.

The government served its complaint on Idaho Pipeline on July 16, 2024, which means a response was due by August 6, 2024. *See Fed. R. Civ. P.* 12(1)(A)(i). Roughly a month later, on September 4, 2024, the government filed the instant application, asking the clerk to: (1) enter Idaho Pipeline's default under Federal Rule of Civil Procedure 55(a); and (2) enter a default judgment under

---

[1] In its pending motion, the government explains that, as of September 4, 2024, the total had grown to $89,838.77. *See Schaefer Dec.*, Dkt. 4-1, ¶ 8.

**MEMORANDUM DECISION AND ORDER - 2**

Federal Rule of Civil Procedure 55(b)(1). The Clerk has now entered Idaho Pipeline's default. *See* Dkt. 5. The remaining issue is whether the government is entitled to have the Clerk enter a default judgment under Federal Rule of Civil Procedure 55(b)(1).

## ANALYSIS

Federal Rule of Civil Procedure 55(b)(1) provides as follows:

(b) ENTERING A DEFAULT JUDGMENT.

> (1) *By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation*, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b)(1) (emphasis added). If the claim is not for a "sum certain," the clerk cannot enter final judgment. Instead, the *Court* must consider proof of damages before entering final judgment. "In a Rule 55 context, 'a claim is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default.' Typically, such situations include 'actions on money judgments, negotiable instruments, or similar actions where the damages sought can be determined without resort to extrinsic proof.' *CSXT Intermodal, Inc. v. Mercury Cartage, LLC*, 271 F.R.D. 400, 401 (D. Me. 2010) (*citing KPS & Assocs. v. Designs by FMC, Inc.*, 318 F.3d 1 (1st Cir. 2003)).

**MEMORANDUM DECISION AND ORDER - 3**

Here, most aspects of the government's claim are for a "sum certain." Beginning with the $49,000 penalty, the government's effort to recover that amount is similar to an effort to recover a money judgment. The associated charges for interest and late fees are matters of arithmetic. The only problem is the reported $22,859.45 administrative cost. Government counsel has put forth an affidavit, stating only that an "administrative cost of $22,859.45" is due and owing. *See Schaefer Dec.*, ¶ 9. But just because a plaintiff puts a precise number in an affidavit doesn't necessarily mean that the underlying claim is for a "sum certain" within the meaning of Rule 55(b)(1). Or, put differently, "[s]imply because a plaintiff is certain of the sum does not make a damage claim a sum certain within the meaning of Federal Rule of Civil Procedure 55(b)(1)." *CSXT Intermodal, Inc. v. Mercury Cartage, LLC*, 271 F.R.D. 400, 401 (D. Me. 2010). Here, there is nothing documenting the reported administrative cost or showing how the figure was calculated. And it's not a minor cost – it's nearly one quarter of the total amount owing. The Court finds this insufficient to support a request for a Clerk's entry of default judgment under Rule 55(b)(1). Another court, facing an analogous set of facts took a similar approach, explaining that "[a]n employee's assurance, devoid of proper documentation, is insufficient evidence that a plaintiff is entitled to default judgment for a 'sum certain' under Rule 55(b)(1)." *Id.* (denying a Rule

**MEMORANDUM DECISION AND ORDER - 4**

55(b)(1) application because plaintiff failed to submit documentation backing up claimed charges). The Court will therefore deny the motion, though it will do so without prejudice. The government is free to renew its request so long as the claimed administrative cost is properly documented.

## ORDER

**IT IS ORDERED that** Plaintiff's Application for Application for Entry of Default and Default Judgment (Dkt. 4) is DEEMED MOOT in part and DENIED WITHOUT PREJUDICE in part, as explained above.

DATED: November 1, 2024

_____
B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 5**